
| | | |
|---|---|---|
| MARTIN A. CALDERON, | § | |
| Petitioner, | § § § | |
| v. | § § | 2:16-CV-119 |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE and DENY THE MOTION TO STAY

Defendant MARTIN A. CALDERON has filed a Motion to Vacate Sentence Pursuant to 18 U.S.C. § 2255 and a Motion to Stay Pending Approval from the United States Court of Appeals for Allowance of Second or Successive Motion. For the reasons set forth below, the undersigned Magistrate Judge is of the opinion defendant is not entitled to relief and the motion to vacate should be DISMISSED.

### I.
### PROCEDURAL HISTORY

On April 28, 2004, a jury found defendant CALDERON guilty of conspiracy to commit kidnapping, in violation of 18 U.S.C. section 1201(d), and kidnapping, in violation of 18 U.S.C. sections 1201(a) and 1202. On July 30, 2004, the Court sentenced defendant to a term of 188 months' imprisonment on each count, such terms to run concurrently, with a five-year supervised release term, a special assessment of $200.00, and restitution in the amount of $5,782.00.

Defendant timely appealed. On April 27, 2005, the Fifth Circuit Court of Appeals vacated defendant's sentence and remanded the case for re-sentencing. In July 2005, the Court again sentenced defendant to a term of 188 months imprisonment on each count, such terms to run concurrently, with a five-year supervised release term, a special assessment of $200.00, and restitution in the amount of $5,782.00. Defendant again appealed to the Fifth Circuit, which, on May 25, 2006, dismissed the appeal. Defendant's petition for writ of certiorari to the United States Supreme Court was denied on October 2, 2006.

On June 25, 2007, defendant filed a Motion Under 28 U.S.C. section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On October 1, 2007, the undersigned United States Magistrate Judge entered a Report and Recommendation to deny all but two of defendant's claims. On October 16, 2007, defendant filed objections to the Report and Recommendation. On October 18, 2007, the United States District Judge issued an Order Overruling Objections, Adopting Report and Recommendation, and Denying, In Part, the Motion to Vacate, Set Aside, or Correct Sentence. On May 15, 2009, the undersigned United States Magistrate Judge entered a Report and Recommendation to deny defendant's remaining claims. On June 10, 2009, the United States District Judge adopted the Report and Recommendation. Petitioner did not appeal.

On June 16, 2016, defendant filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 18 U.S.C. § 2255.

## II.
## FAILURE TO OBTAIN CERTIFICATION

Title 28 U.S.C. § 2255 provides that a "second or successive motion [to vacate] must be

certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." Title 28 U.S.C. § 2244(b)(3)(A) states, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Consequently, before a district court may consider a successive motion to vacate, a defendant must have obtained the requisite certification and/or permission from the appropriate court of appeals to file such motion with the district court.

A review of the Fifth Circuit online docket shows defendant filed an Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 18 U.S.C. § 2255 by a Prisoner in Federal Custody in the Fifth Circuit, which was denied by that Court on July 20, 2016 in Case No. 16-10770. Defendant asked for but was denied certification and/or authorization from the Fifth Circuit Court of Appeals to file this second motion to vacate. The defendant is requesting that this Court allow a pleading to be filed which the Court has no jurisdiction to consider. Because defendant failed to obtain the appropriate certification from the appropriate appellate court as required by 28 U.S.C. § 2255, this Court is without authority to consider the motion to vacate. Since the Fifth Circuit has already denied defendant's Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 18 U.S.C. § 2255, it would serve no purpose to transfer this case to the Fifth Circuit for that Court to consider whether to permit Calderon to file a successive petition. The Fifth Circuit denied Calderon such permission on July 20, 2016.

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States

District Judge that Motion to Vacate, Set Aside, or Correct Sentence pursuant to 18 U.S.C. § 2255 be DISMISSED and the Motion to Stay be DENIED.

IV.
### INSTRUCTIONS FOR SERVICE and NOTICE OF RIGHT TO APPEAL

The United States District Clerk is directed to send a copy of this Report and Recommendation to the defendant by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___16th___ day of June, 2016.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).